VIOLA O'DELL, Respondent, v. LEON C. MARVIN, Appellant.— Judgment and order affirmed, with costs. All concur. (Appeal from a judgment for plaintiff in an automobile negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

MILDRED D. MANG, Respondent, v. MAGNUS P. BENZING, Individually and as Surviving Trustee under a Declaration Trust Made by MAGNUS A. BENZING, et al., Appellants, et al., Defendant.— Order reversed on the law, with $10 costs and disbursements and motion granted with $10 costs. Memorandum: In a former action against the same defendants, the plaintiff asked for the same relief now demanded in the present action. This court affirmed an order dismissing the complaint in the first action. (281 App. Div. 1067.) In the present action, Special Term has denied a motion of the defendants, Magnus and Frank Benzing, to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action and on the further ground that the order of dismissal in the first action is *res judicata*. As before, we are unable to satisfy ourselves as to what cause of action the plaintiff has attempted to set forth in the complaint. If it is an action to foreclose a mortgage, it must be dismissed. The plaintiff's second mortgage was cut off in a foreclosure action to which she was a party. The validity of the foreclosure action itself is not questioned. Plaintiff does not seek to vacate and set aside the judgment of foreclosure and sale nor has she asked to open her default in that action. So long as the judgment in the foreclosure action stands, she has no lien by virtue of the former second mortgage. No facts are stated which show she had any defense which she could have interposed in the foreclosure action. The complaint alleges that plaintiff has no adequate remedy at law which would indicate that the action is one in equity. However, viewing the complaint as one at law for damages for fraud and conspiracy, we are still unable to sustain the complaint. The necessary allegations of fact for such an action are lacking and there is no allegation of damage. We also are of the opinion that the present complaint states no different cause of action from that stated in the former complaint which was dismissed. All concur. (Appeal from an order denying a motion for a dismissal of plaintiff's complaint.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

RAYMOND F. ROLL, JR., as Trustee in Bankruptcy of FAGO CONSTRUCTION CORPORATION, Respondent, v. ANTHONY FAGO et al., Doing Business as FAGO BROS. CONTRACTING CO., Appellants.— Motion for leave to appeal to the Court of Appeals denied. Present — McCurn, P. J., Vaughan, Piper, Wheeler and Van Duser, JJ. [See 284 App. Div. 933.]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LAWRENCE I. LYNCH, Appellant, against ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.— Motion for leave to appeal to the Court of Appeals granted. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See 284 App. Div. 1027.]